UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSHUA DUNFEE )<br>    Plaintiff, )<br> )<br> )<br>v. )<br> )<br>DR. BARRY, et al. )<br>    Defendants. )<br> ) | CIVIL ACTION<br>NO. 17-40108-DHH |

### ORDER

**September 24, 2018**

Hennessy, M.J.

    This matter comes before the court on the Defendants' motion to dismiss, or in the alternative, for summary judgment (Docket #12). Also pending before the court is pro se Plaintiff Joshua Dunfee's motion to amend his complaint. (Docket #18). These matters are now ripe for review. For the following reasons, I hereby ALLOW the motion for summary judgment (Docket #12) and DENY the motion to amend (Docket #18).

I.    BACKGROUND

    On December 16, 2014, Dunfee was sentenced to a twenty-year term of imprisonment followed by a five-year term of supervised release for the offenses of Coercion and Enticement of a Minor in violation of 18 U.S.C. § 2422(b) and Sexual Exploitation of a Child in violation of 18 U.S.C. § 2251(a) & (e). See United States v. Dunfee, 12-cr-10024, Docket #99 (Sept. 24, 2013) and #301 (Dec. 16, 2014).

    In February 2015, Dunfee was incarcerated at the Federal Correctional Institute in Milan, Michigan ("FCI Milan"). (Docket #1 at ¶ 1). Dunfee alleges that, while at FCI Milan, Dr. Hagit

Barry, Ph.D., a psychologist, sexually harassed him, retaliated against him when he complained, and had him transferred from FCI Milan to the Federal Medical Center, Devens, Massachusetts ("FMC Devens"), far from his family and friends. (Id. at ¶¶ 2-4). Upon arrival at FMC Devens, Dunfee asserts that he was treated by Dr. Cheryl Renaud and Counselor Justin Patronick. (Id. at ¶ 7). Dunfee complains that Renaud and Patronick continued to harass and retaliate against him by unlawfully seizing material, including books, magazines, and photographs, from him, and by threatening to retaliate against him if he complained of their actions. (Id. at ¶¶ 8-14).

Dunfee filed the instant complaint on July 14, 2017 against Dr. Barry, Dr. Renaud, and Patronick. (Docket #1). Defendants filed the motion to dismiss, or in the alternative for summary judgment, on November 27, 2017. (Docket #12). On February 12, 2018, Dunfee filed an opposition and a motion for leave to file an amended complaint. (Dockets #18 and 19). Defendants filed their response to the motion to amend and a reply to Dunfee's opposition to the motion to dismiss on March 29, 2018. (Docket #22). On April 12, 2018, the court entered an order alerting Dunfee that it may elect to consider Defendants' motion as one for summary judgment, and permitting Dunfee to file any supplemental affidavits or other material in opposition to Defendants' motion by May 21, 2018. (Docket #24). The order also required Dunfee to file his proposed amended complaint by May 21, 2018. (Id.). On May 16, 2018, Dunfee filed his proposed amended complaint. (Docket #25). Defendants filed a supplemental opposition on May 29, 2018. (Docket #28).

II.     STANDARD

Defendants have filed a motion to dismiss, or in the alternative, for summary judgment. A motion to dismiss under Rule 12(b)(6) and a motion for summary judgment under Rule 56 "share a functional nexus." Fleming v. Lind-Waldock & Co., 922 F.2d 20, 23 (1st Cir. 1990). The fundamental difference between the two motions is whether the court will consider "matters

'outside' the pleadings." Id. "Under Rule 12(b)(6), the district court may properly consider only facts and documents that are part of or incorporated into the complaint; if matters outside the pleadings are considered, the motion must be decided under the more stringent standards applicable to a Rule 56 motion for summary judgment." Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 15 (1st Cir. 2009) (quoting Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc., 524 F.3d 315, 321 (1st Cir. 2008)). There lies an exception to this rule "for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." Id. (quoting Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001)).

In the instant case, because the motion is captioned in the alternative as one for summary judgment and includes supporting extrinsic materials and since Dunfee responded with his own extrinsic material, the court shall treat the motion as one for summary judgment. See McElheny v. Trans Nat'l Travel, Inc., 165 F. Supp. 2d 190, 194 (D.R.I. 2001) (quoting Patrick v. Mass. Port Auth., 141 F. Supp. 2d 180, 186 (D.N.H. 2001)); Davis v. United States, No. 98-557 T, 2000 U.S. Dist. LEXIS 2255, at *13 (D.R.I. Feb. 15, 2000).

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once a party has properly supported its motion for summary judgment, the burden shifts to the non-moving party, who "may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing there is a genuine issue for trial." Barbour v. Dynamics Research Corp., 63 F.3d 32, 37 (1st Cir. 1995) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)). Moreover, the Court is "obliged to []view the record in the light

3

most favorable to the nonmoving party, and to draw all reasonable inferences in the nonmoving party's favor." LeBlanc v. Great Am. Ins. Co., 6 F.3d 836, 841 (1st Cir. 1993). Even so, the Court is to ignore "conclusory allegations, improbable inferences, and unsupported speculation." Sullivan v. City of Springfield, 561 F.3d 7, 14 (1st Cir. 2009) (quotation omitted).

III. ANALYSIS

A. Exhaustion

Defendants argue that Dunfee's complaint must be dismissed because he has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). (Docket #13 at 3). The PLRA precludes "a prisoner confined in any jail, prison, or other correctional facility" from bringing an action "with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Because a plaintiff's failure to exhaust administrative remedies under the PLRA is an affirmative defense, it "must be raised and proved by the defense." Berrios v. Gonzalez-Rosario, 630 F.3d 7, 11 (1st Cir. 2010). "Dismissal, rather than a stay of proceedings, is appropriate where a defendant demonstrates that an inmate failed to exhaust his administrative remedies prior to filing suit." Rios v. United States, No. 14-40171-IT, 2016 U.S. Dist. LEXIS 40262, at *16 (D. Mass. Feb. 26, 2016) (Boal, M.J.) (citing Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002)).

"To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." Acosta v. United States Marshals Serv., 445

4

F.3d 509, 512 (1st Cir. 2006) (quoting Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002)). Title 28 of the Code of Federal Regulations sets forth a four-step grievance procedure for administrative remedies for inmates housed in federal prisons. Under this title, an inmate initiates the grievance procedure by presenting an issue of concern informally to staff, and staff must attempt to resolve the issue. 28 C.F.R. § 542.13(a). If the complaint is not or cannot be resolved informally, a prisoner must submit a formal written Administrative Remedy Request, on a BP-9 form, within twenty days of the event triggering his complaint. 28 C.F.R. § 542.14(a). If this second step does not provide satisfactory results, the inmate may file an Appeal, on a BP-10 form, to the appropriate Regional Director within twenty days of the date the Warden signed the response. 28 C.F.R. § 542.15(a). An inmate unsatisfied with the Regional Director's response may submit an Appeal, on a BP-11 form, to the General Counsel within 30 days of the date the Regional Director signed the response. Id. Appeal to the General Counsel is the final administrative appeal. Id. The General Counsel shall respond to the appeal within forty days of the day the appeal is filed, with the potential for a twenty day extension. 28 C.F.R. § 542.18. Staff shall respond in writing to all appeals. Id. If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level. Id.

As an exhibit to their motion, Defendants submitted the declaration of Cheryl Magnusson, a legal assistant at the Consolidated Legal Center at FMC Devens, dated November 16, 2017. (Docket #13-1). Magnusson explained that the BOP maintains computerized records in a database called SENTRY. (Id. at ¶ 3). SENTRY contains a complete history of administrative remedy requests filed by federal inmates at any BOP facility and indicates whether a request was filed with the institution, Regional Office, or Office of General Counsel.

(Id. at ¶ 5). Magnusson's review of SENTRY showed that Dunfee had filed ten requests for administrative remedy while in federal custody. (Id. at ¶ 7, pp 5-11). However, SENTRY demonstrates that none of these requests was received at the BOP's Office of General Counsel. (Id. at ¶ 11, pp 5-11).

Dunfee asserts that he did in fact file a BP-11 form with the General Counsel. (Docket #18 at ¶ 1). As an exhibit to his proposed amended complaint, Dunfee submitted a copy of a Central Office Administrative Remedy Appeal dated October 15, 2016. (Docket #25-1 at 8-9). Part A of the form – "Reason for Appeal" – has been completed by Dunfee; however, part B of the form – "Response" – is blank, as is Part C – "Reciept." (Id.). Dunfee does not include any proof of mailing or any receipt of the form by the Central Office. In light of the absence of any entry in SENTRY demonstrating a request with the Office of General Counsel and the absence of any proof that the request was actually mailed to the Office of General Counsel, the court hereby finds that Dunfee failed to exhaust his administrative remedies. Therefore, his suit is subject to dismissal. Because the court finds that dismissal is appropriate on this basis, the court declines to address the other grounds of Defendants' motion.

B.  Motion to Amend

Pursuant to Federal Rule of Civil Procedure 15(a), "[t]he court should freely give leave [to amend a pleading] when justice so requires." A motion to amend should be granted unless it is apparent that it would be futile or reward undue or intended delay. Resolution Trust Corp. v. Gold, 30 F.3d 251, 253 (1st Cir. 1994).

In his proposed amended complaint, Dunfee asserts that he filed a complaint under the Prison Rape Elimination Act ("PREA"), 34 U.S.C. §§ 30301-09, which does not require any further exhaustion of remedies. (Docket #25 at ¶ 16). PREA was enacted "to address the

problem of rape in prison by creating a commission to study the issue and to develop national standards for the detection, prevention, reduction and punishment of prison rape." Amaker v. Fischer, No. 10-CV-0977A(Sr), 2014 U.S. Dist. LEXIS 136117, at *32 (W.D.N.Y. Aug. 27, 2014); see 34 U.S.C. § 30302. Because PREA does not establish a private cause of action, Dunfee cannot state a claim based on an alleged violation of PREA. See Gagnon v. Fitzpatrick, No. 1:15-cv-00355-JDL, at *6 (D. Me. Nov. 4, 2015). Nor does PREA abrogate the PLRA's exhaustion requirement. Although PREA modifies some of the exhaustion requirements, such as eliminating the informal resolution requirement and time restrictions for filing a grievance regarding sexual assault, it does not provide a completely alternative grievance process. See 28 C.F.R. § 115.52; Parry v. Muller, No. 18-cv-1394-JPG, 2018 U.S. Dist. LEXIS 143622, at *7 (S.D. Ill. Aug. 23, 2018). A plaintiff is still required to follow the process at 28 C.F.R. §§ 542.10-542.19, subject to PREA's modifications. Parry, 2018 U.S. Dist. LEXIS 143622, at *7. While the matter does not appear to have been directly addressed by courts in the First Circuit, courts in other circuits have found that PREA does not excuse an inmate's obligation to exhaust under the PLRA. See Porter v. Howard, 531 Fed. Appx. 792, 793 (9th Cir. 2013) ("[Plaintiff] provides no support for his contention that he was excused from the requirement that he file an administrative grievance by operation of the Prison Rape Elimination Act"); Barringer v. Stanley, No. 2017 U.S. Dist. LEXIS 38006, at *7 (W.D.N.C. Mar. 16, 2017) ("PREA complaints are not prison grievances for purposes of satisfying the administrative remedies requirement under the PLRA"); Omaro v. Annucci, 68 F. Supp. 3d 359, 364 (W.D.N.Y. 2014) ("Nothing in the text or legislative history of the PREA suggests that it was intended to abrogate the PLRA's exhaustion requirement."); Lamb v. Franke, No. 2:12-cv-00367-MO, 2013 U.S.

Dist. LEXIS 22708, at *5 (D. Or. Feb. 14, 2013) ("The PREA does not impose an alternative remedial scheme, nor does it supersede PLRA's exhaustion requirement.").

Nothing in the proposed amended complaint excuses Dunfee's failure to exhaust his administrative remedies as required under the PLRA. Therefore, the motion to amend is properly denied as futile.

IV. CONCLUSION

For the foregoing reasons, I hereby ALLOW the motion for summary judgment (Docket #12) and DENY the motion to amend (Docket #18).

/S/ David H. Hennessy
David H. Hennessy
UNITED STATES MAGISTRATE JUDGE